The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 3, 2020, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 3, 2020**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PATRICK J. BUTLER & | ) | Case No. 19-17489 |
| KELLI BUTLER, | ) | |
|     Debtors. | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | |
| PATRICK J BUTLER & | ) | Adversary Proceeding |
| KELLI BUTLER, | ) | No. 20-1050 |
|     Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CORTLAND SAVINGS & | ) | |
| BANKING COMPANY, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

In this adversary proceeding, the debtors seek a declaratory judgment that creditor Cortland Savings & Banking Company ("Cortland Bank") holds no valid

---

[1] This Opinion is not intended for official publication.

lien against the debtors' residence under the doctrine of equitable subrogation. Cortland Bank asserts that whether it is entitled to equitable subrogation is a question of state law, and that the relevant factors favor having a state court decide this issue. Cortland Bank has therefore moved for permissive abstention under 28 U.S.C. § 1334(c)(1). The debtors oppose Cortland Bank's motion for abstention, asserting that the relevant factors favor having the bankruptcy court decide this issue. Although the question is a close one, for the reasons that follow, the Court concludes that the better course is for the bankruptcy court to decide the issues in this adversary proceeding and to deny Cortland Bank's motion to abstain.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## BACKGROUND

The debtors own real property located at 28505 Osborn Road, Bay Village, Ohio 44140, and utilize the property as their primary residence ("the residence"). The debtors filed a Chapter 7 bankruptcy petition on December 10, 2019 (Case No. 19-17489). At the time of filing the petition, there were two mortgages

2

on the residence held by Civista Bank. The first mortgage with Civista Bank is apparently a consumer mortgage recorded in February 2016, with a balance as of the petition date of approximately $251,000. *See* Proof of Claim No. 9. The second mortgage with Civista Bank is apparently a commercial mortgage recorded on September 1, 2016, with a balance as of the petition date of approximately $283,000. *See* Proof of Claim No. 3.

According to the debtors' adversary complaint, on March 19, 2018, Cortland Bank entered into an asset-based business loan agreement with 21st Century Concrete in the principal amount of $1,000,000, a commercial security agreement in the amount of $1,000,000, and a promissory note in the amount of $1,000,000. Also on March 19, 2018, debtor Patrick Butler executed a commercial guaranty, guaranteeing payment of 21st Century Concrete's indebtedness to Cortland Bank. The collateral for the loan agreement and associated promissory note included all of 21st Century Concrete's business assets. The collateral also included a lien on 21st Century Concrete's business assets and the assignment of a life insurance policy. The debtors deny that there was any agreement that Cortland Bank was to receive a mortgage on the debtors' residence. The proceeds of the business loan agreement were used to pay off the line of credit owed to Civista Bank secured by

its second mortgage on the residence.  The proceeds did not pay off Civista Bank's equipment loan, which was also secured by the second mortgage.

On May 28, 2020, the debtors filed this adversary proceeding seeking declaratory judgment as to the validity, priority, or extent of Cortland Bank's lien on the residence (Docket No. 1).  On June 29, 2020, Cortland Bank filed its answer and a counterclaim (Docket No. 6).  In its counterclaim, Cortland Bank seeks a declaratory judgment that under the doctrine of equitable subrogation it holds a valid secured claim on the debtors' residence based on the commercial mortgage of Civista Bank recorded on September 1, 2020.

On June 30, 2020, Cortland Bank moved for this Court to abstain from hearing the claims in this adversary proceeding (Docket No. 7).  The debtors have filed a brief opposing the motion to abstain (Docket No. 10), and Cortland Bank has filed a reply brief in support of its motion to abstain (Docket No. 12).  In addition, the debtors have moved to dismiss Cortland Bank's counterclaim for failure to state a claim (Docket No. 11), and Cortland Bank has filed a brief in response to the debtor's motion to dismiss the counterclaim (Docket No. 13).

# DISCUSSION

Cortland Bank asserts that permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate because the relevant factors favor having the debtors' state law claims heard by a state court.

Section 1334(c)(1) provides in pertinent part:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Courts look to a number of factors in determining whether permissive abstention under § 1334(c)(1) is appropriate:

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains;
>
> 2) the extent to which state law issues predominate over bankruptcy issues;
>
> 3) the difficulty or unsettled nature of the applicable state law;
>
> 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
>
> 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
>
> 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> 7) the substance rather than form of an asserted "core" proceeding;

5

8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden of this court's docket;

10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial;

12) the presence in the proceeding of nondebtor parties; and

13) any unusual or other significant factors.

*Parker v. Nationwide Mut. Ins. Co. (In re Duran)*, 586 B.R. 7, 10–11 (Bankr. N.D. Ohio 2018) (internal citations omitted). "This is a multi-factor balancing test, not a rule in which every element must be satisfied . . . not all factors need to weigh in favor of permissive abstention in order for it to be appropriate." *MD Acquisition LLC, et al., v. Myers, et al. (In re Martin Designs, Inc.)*, Ch. 7 Case No. 08-60431, Adv. No. 09-6037, 2009 WL 2707215 at *7 (Bankr. N.D. Ohio Aug. 26, 2009). "The decision whether to abstain is within the sound discretion of the bankruptcy judge." *McDaniel v. ABN Amro Mortg. Grp.*, 364 B.R. 644, 650 (S.D. Ohio 2007) (citing *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995)).

The majority of the factors to consider in deciding whether to abstain weigh in favor of not abstaining. The first factor is whether abstention will have an effect

on the efficient administration of the bankruptcy estate. The trustee has not abandoned the bankruptcy estate's interest in the debtors' residence. If the debtors succeed in obtaining a determination that Cortland Bank has no valid lien interest in the residence, the trustee may seek to have the residence sold with the equity made available for the benefit of the debtors' general unsecured creditors, including perhaps Cortland Bank. Whether there would be sufficient equity after paying the secured claims of Civista Bank and the debtors' homestead exemption remains to be seen; however, determining the lien priorities would be a necessary part of that process.

The second, third, and fourth factors consider applicable state law and pending state court proceedings. The sixth factor looks at the degree of relatedness or remoteness to the main bankruptcy case. The eighth factor is the feasibility of severing state law claims from core bankruptcy matters. All five factors can be addressed by the same analysis. On September 5, 2019, about three months before the debtors filed their bankruptcy petition, Cortland Bank filed a foreclosure proceeding in state court based on Cortland Bank's judgment lien dated April 29, 2019. The debtors, meanwhile, have moved the bankruptcy court to avoid Cortland Bank's judgment lien as impairing the debtors' homestead exemption under 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d) (Case No. 19-17489,

7

Docket No. 76). And Cortland Bank has also filed an objection in the bankruptcy court to the debtors' claims of homestead exemptions (Case No. 19-17489, Docket No. 28). Presumably, Cortland Bank could seek to amend its foreclosure complaint in state court to include a claim for equitable subrogation similar to the counterclaim it has already filed in this adversary proceeding.

While this Court is no better situated than the state court to resolve the validity of Cortland Bank's assertion of equitable subrogation, this Court has already had to address related issues in connection with Cortland Bank's objection to the debtors' claim of exemption and the debtors' motion to avoid judgment lien of Cortland Bank under § 552(f). Although exemptions are in part based on state law, there are also issues of federal bankruptcy law such as the right to avoid judgment liens that impair exemptions for debtors in bankruptcy. The issues of state law in this case are not difficult or unsettled. The state law and bankruptcy law issues are intertwined, and therefore it appears that a single court can more efficiently address all of these matters. In turn, this Court's retention of jurisdiction should result in lower costs for the parties and potentially greater recoveries for creditors, should such recoveries be appropriate.

As to the fifth factor, there does not appear to be a jurisdictional basis for this action other than 28 U.S.C. § 1334.

8

The seventh factor considers the substance rather than form of an asserted core proceeding. In this action, the debtors seek a declaratory judgment as to the validity of Cortland Bank's lien against their residence, which makes this a core proceeding. "Core proceedings include . . . determinations of the validity, extent, or priority of liens[.]" 28 U.S.C. § 157(b)(2)(K).

The ninth factor considers the burden on this Court's docket. The only obstacles to hearing this adversary proceeding are likely to apply to any court, as social distancing requirements and access to courthouses during the current pandemic are likely to impact this Court and the state court in a similar manner. With that caveat common to both courts, this Court believes that it can address this adversary proceeding in a timely fashion.

The tenth factor considers the likelihood that the commencement of this adversary proceeding involved forum shopping by one of the parties. There is nothing to indicate that the debtors' decision to bring this adversary proceeding involved forum shopping.

The eleventh factor considers the existence of the right to a jury trial. Here, there is no right to a jury trial. Cortland Bank seeks equitable subrogation, an equitable remedy, and "[n]either party may assert the right to a jury trial in an

9

equitable action." *Natl. City Bank, NE v. Abdalla*, 131 Ohio App. 3d 204, 210, 722 N.E.2d 130, 134 (1999) (internal citations omitted).

The twelfth factor is the presence of nondebtor parties in the proceeding. The defendant in this adversary proceeding, Cortland Bank, is a nondebtor party. However, Cortland Bank is a creditor in the debtors' main bankruptcy case and is already a party to several contested matters concerning the debtors and their property.

In its motion to abstain, Cortland Bank cites to *Parker v. Nationwide Mut. Ins. Co. (In re Duran)*. In *Parker v. Nationwide* the bankruptcy court determined that permissive abstention was appropriate. *Parker v. Nationwide*, 586 B.R. 7. However, there are significant differences between the facts of *Parker v. Nationwide* and the facts of this case. *Parker v. Nationwide* was a surplus case in which "the value of the estate [exceeded] the cost of administration and all timely filed claims, with interest. . . ." *Id.* at 9. At the time of the motion to abstain, the debtor's bankruptcy case was nearing its end and

> [the] Debtor's estate [would have been] fully funded soon, allowing the Plaintiff–Trustee to pay both administrative expenses and all creditor's claims without regard to the outcome of the removed state court action. . . . Thus, the court's decision to abstain [would] have [had] very little, if any, impact 'on the efficient administration of the estate' and the removed state court action [was] only remotely related to a main bankruptcy case that [would] probably [have been]

10

>administratively closed before the lawsuit against the Defendant [was] concluded.

*Id.* at 11. This is not a surplus case, and the trustee has not abandoned the bankruptcy estate's interest in the debtors' residence. Thus, the outcome of this adversary proceeding could have an effect on the administration of the debtors' estate.

Similarly, in *Harris v. Cooley*, the bankruptcy court abstained from rendering judgment in an adversary proceeding when the same dispute was currently pending in state court. *Harris v. Cooley (In re Harris)*, Ch. 13 Case No. 15-12647, Adv. No. 17-1041, slip op. (S.D. Ohio 2018), *aff'd*, *Harris v. Cooley*, No. 1:18-CV-712, 2019 WL 4751851, at *1 (S.D. Ohio Sept. 29, 2019), *appeal dismissed sub nom. In re Harris*, No. 19-4081, 2020 WL 4091384 (6th Cir. July 20, 2020). However, the dispute in *Harris v. Cooley* was a property dispute between the debtors and their neighbors regarding a fence. The defendants in the adversary proceeding were not creditors of the estate, and the property at issue was not being used to fund the debtors' Chapter 13 plan. Additionally, the parties in the state court case were entitled to a jury trial for their adverse possession claim, and because the claims arose post-confirmation, the estate had no reach to take control of the claims. This case differs from *Harris v. Cooley* in that the defendant in this adversary proceeding is a creditor of the estate, there is no

right to a jury trial, and the claims in the adversary proceeding are not post-petition claims unrelated to the bankruptcy proceeding.

Another significant factor weighing against abstention is the fact that this Court has already devoted substantial time and energy to understanding the flurry of motions, objections, adversary claims, and counterclaims in this bankruptcy case. These disputes have involved multiple secured creditors, multiple real properties, vehicles, a bankruptcy trustee, and a federal court-appointed receiver. Having waded this far into understanding the procedural posture of these various contested matters and the general financial circumstances of the debtors, the Court believes that it is already well-along toward being able to hear and decide the specific equitable subrogation claims at issue in this adversary proceeding.

Finally, this Court is also mindful of the Sixth Circuit's admonition, given in a different context, of avoiding "jurisdictional ping-pong." *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir 1991) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). *Cf.* Fed. R. Bankr. P. 1001 (Bankruptcy Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding"). Given the often limited funds available to creditors in bankruptcy cases, the Court wishes to do everything in its power toward

12

securing, so far as remains possible, the just, speedy, and inexpensive determination of this proceeding as well as the debtors' overall bankruptcy case.

## CONCLUSION

Cortland Bank's motion to abstain is denied.

IT IS SO ORDERED.